IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

CRAIG GARY

      Petitioner

-vs-

UNITED STATES OF AMERICA

      Respondent

---

: CASE NO. 1:07-CV-3103
:    1:06-CR-049

: MEMORANDUM OF OPINION AND
: ORDER DENYING PETITIONER
: RELIEF UNDER 28 U.S.C. § 2255

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Craig Gary, pro se, has filed a "Petition pursuant to 28 U.S.C. 2255 To Vacate, Set Aside Or Correct A Sentence By A Person In Federal Custody Or/In The Alternative A Petition Pursuant To 3582(c)" (Doc.1) to which the United States has responded. Upon review of the record and for the reasons below set forth, Mr. Gary's petition will be denied.

Mr. Gary was charged with four counts in a seven count Indictment regarding an armed robbery of an informant by three defendants as they were being monitored by law enforcement officers. In a detailed Plea Agreement (Case No. 1:06CR49, Doc. 47), Craig Gary entered a plea of guilty to using, carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 942(c) as charged in Count 2 of the Indictment, and to possession of cocaine base with intent to distribute in violation of 21

U.S.C. § 841(a)(1), as charged in Count 3 of the Indictment. The United States agreed to dismiss Counts 1 and 7 of his Indictment.

Section 2255 permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. The movant has the burden of establishing any claim asserted in the petition. See Bowers v. Battles, 568 F.2d 1, 5 (6th Cir. 1977), cert. denied, 436 U.S. 910 (1978).

Where a constitutional error is alleged, in order to obtain relief under 28 U.S.C. § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Riggs v. United States, 209 F.3d 828, 831 (6th Cir.), cert. denied, 531 U.S. 884 (2000). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so

fundamental as to render the entire proceeding invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001), cert. denied, 535 U.S. 967.

Mr. Gary's Plea Agreement (Case No. 1:06CR49, Doc. 47) set forth guideline stipulations, including the parties' agreement that Mr. Gary qualified as a career offender under USSG § 4B1.1, the parties' joint sentencing recommendation, and their agreement that although the appropriate advisory guideline range was 262-327 months, they jointly recommended a 235 month sentence. Further, Mr. Gary agreed to a Waiver of Appellate and Post-Conviction Rights, retaining the right to appeal or collaterally attack "respecting claims of ineffective assistance of counsel or governmental misconduct," and reserving the rights to appeal punishment above the statutory maximum and punishment beyond a total term of 262 months imprisonment, the lowest end of the agreed appropriate guideline sentencing range. (Case No. 1:06CR49, Doc. 47, pp 4-5, 7).

A defendant knowingly and voluntarily "may waive 'any right, even a constitutional right' by means of a plea agreement." U.S. v. Fleming, 239 F.3d 761, 763-764 (6th Cir. 2001), U.S. v. Ashe, 47 F.3d 770, 775-776 (6th Cir. 1995), U.S. v. Watson, 165 F.3d 486 (6th Cir. 1999). Mr. Gary further specifically acknowledged that he was "giving up his right to seek a total term of imprisonment of less than 235 months." (Case No. 1:06CR49, Doc. 47). Orally during his plea hearing and in the written Plea Agreement itself, Mr. Gary acknowledged that he had read the Plea Agreement, had discussed it with his attorney with whom he was satisfied, that he understood the Plea Agreement, entered into it knowingly, freely and voluntarily and

3

without threats as well as after due consultation with his attorney. (Case No. 1:06CR49, Doc. 47 and transcript of proceedings).

In sentencing, this Court accepted the parties' joint sentencing recommendations in the plea agreement and sentenced Mr. Gary to 235 months imprisonment. As Mr. Gary's conviction on Count 2 statutorily required at least 7 years imprisonment under 18 U.S.C. § 924 (c)(1)(A) (ii), the Court met the parties' agreed sentence by imposing a 151 month sentence on Count 3, to be followed by a consecutive 84 month term on Count 2, thus varying the sentence below the prescribed 262-327 month advisory guideline range in conformity with Mr. Gary's Plea Agreement. (Judgment, Statement of Reasons, Doc. 58).

Mr. Gary now requests that this Court vacate and reduce his 235 month sentence, the sentence to which he had agreed in his Plea Agreement (Case No. 1:06CR49, Doc. 47), an agreement which contained a joint sentencing recommendation for a 27 month <u>downward</u> variance from the lowest end of the appropriate advisory guideline sentencing range – a range which he and the United States had specifically agreed was the guideline range for his offenses. (Case No. 1:06CR49, Doc. 47, pp. 4-5).

As to petitioner's contention that this Court lacked authority to sentence him under the career offender guidelines, he argues that the United States did not "serve notice" under 21 U.S.C. § 851 that his prior convictions would implicate the career offender guideline enhancements, and that his sentencing range was erroneously calculated under Amendments 506 and 600. The assigned probation officer independently calculated Mr. Gary's criminal history and found that his prior convictions

4

in Case No. CR435241 for assault on a peace officer and in Case No. CR453077 for attempted felonious assault qualified him as a career offender under the guideline provisions applied in Mr. Gary's case, USSG § 4B1.1 (Presentence Investigation Report ("PSI") ¶ 27, 38, 40). As the United States points out, this is consistent with Sixth Circuit cases teaching that 21 U.S.C. § 851 notice requirements "apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines." U.S. v. Mans, 999 F.2d 966, 969 (6th Cir., 1993), and U.S. v. Branham, 97 F.3d 835, 848 n. 12 (6th Cir. 1996). The probation officer further found that the applicable combined advisory guideline range for Counts 2 and 3, Mr. Gary's counts of conviction, was 262-327 months, just as petitioner and the United States had agreed in the Plea Agreement. (PSI, ¶63).

Mr. Gary's sentencing range was properly calculated under § 4B1.1(c) of the Sentencing Guidelines. The United States did not have any independent obligation to serve notice to him of his career offender status. The clear language of the Plea Agreement (Case No. 1:06CR49, Doc. 47), was that his agreed guideline range was the product in part of his career offender status. Moreover, as the United States points out, petitioner's effort to use Amendment 600, a year 2000 amendment to the Sentencing Guidelines, which became of no effect when Amendment 642 replaced it, fails. The 2005 edition of the Guidelines was applicable to Mr. Gary's 2006 conduct.

Finally, Mr. Gary contends that his lawyer gave him ineffective assistance of counsel in not challenging the United States' "failure" to serve the notice which he erroneously believes is required under 21 U.S.C. § 841 et seq., that his prior convictions would be used to justify a career offender status. The Sixth Amendment provides, in

5

pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). In Strickland, the Supreme Court set forth a two-part test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

Id. 466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir.1985).

Couching this complaint as an ineffective assistance of counsel claim does not save it in spite of petitioner's reservation of his right to perfect "any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or governmental misconduct." (Case No. 1:06CR49, Doc. 47) Mr. Gary shows no support for his claim that his lawyer's "failure" to challenge his designation as a career offender, when such a challenge would have no merit, was constitutionally deficient.

6

Mr. Gary's sentence of 235 months was not above the statutory terms for either Count 2, a mandatory minimum of 7 years up to life imprisonment (18 U.S.C. §924(c)) which must be served consecutively or for count 3 which carries a maximum penalty of 20 years. (21 U.S.C. § 841 (a)(1).

None of petitioner's claims has any merit and only one of his claims was not expressly waived by his Plea Agreement. All his claims fail as a matter of law. Petitioner's motion along with the record in this case "conclusively show that [Craig Gary] is entitled to no relief." (28 U.S.C. §2255; see also Rule 4(b), 28 U.S.C. §2255. Therefore, the Court finds Mr. Gary's motion may be resolved without an evidentiary hearing. U.S. v. Johnson, 327 US 106,111 (1946); Baker v. U.S., 781 F.2d 85, 92 (6th Cir. 1986). Mr. Gary's sentence is valid and his 28 U.S.C. § 2255 motion is denied.

IT IS SO ORDERED.

Dated: 2 April 08

_____
UNITED STATES DISTRICT JUDGE